UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-60885-CIV-GOLD/TURNOFF

NICOLE M. STOJANOV, on behalf of
herself and all others similarly situated,

          Plaintiff,

vs.

ABSOLUTE COLLECTION
SERVICE, INCORPORATED and
CHARLTON CLARKSON,



FILED by _____ D.C.

OCT 1 1 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

<u>          Defendants.          </u>/

ORDER REQUIRING COMPLIANCE WITH LOCAL RULE 16.1
OF THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

      **THE COURT**, having held a telephonic status conference on its own motion, **ORDERS AND ADJUDGES**:

      1. Unless otherwise exempted under S.D.Fla.L.R. 16.1(B)(4) of the United States District Court and this order, all parties are required to meet and comply with S.D. Fla.L.R. 16.1 and this Order on or before **October 31, 2006.** No extensions will be granted absent extraordinary good cause shown.

      2. Pursuant to S.D.Fla.L.R. 16.1(B)(2)(a) through (k), the parties shall prepare and file with the Court a Joint Conference Report.

      3. In addition to matters required to be included in the updated Conference Report, the parties shall provide the following additional information:

      a. <u>**Inclusion of dates certain in a completed version of Appendix I and Appendix II attached to this Order. [NOTE: Appendix' must be filed as separate documents]**</u>

      b. A designation of the case management track under which the case will be processed,

Case 0:06-cv-60885-ASG   Document 24   Entered on FLSD Docket 10/17/2006   Page 2 of 10

as defined in S.D.Fla.L.R. 16.1(A)(2), based upon the projected time needed for trial and a proposed trial date.

      c. A statement of whether the case is to be trial by jury or non-jury.

      d. A plain statement of the nature of the claim and any counter-claim, cross-claim, or third-party claim, including the amount of damages claimed, a preliminary statement of how such damages were calculated and any other relief sought.

      e. A brief summary of facts which are uncontested or which can be stipulated to without discovery.

      f. A recital of the issues as presently known.

      g. A list and summary of any pending motions.

      h. The progress of discovery in the case, if any, to date, and any pending or anticipated discovery problems which require early court resolution.

      i. Any unique legal or factual aspects of the case requiring special consideration by the Court including jurisdictional issues or questions concerning lack of subject matters jurisdiction.

      j. Any potential need for references to a special master or magistrate.

      k. Any particular need for an early case management conference to be held by the Court.

      l. Status of any potential settlement.

      m. Specify whether, and the manner in which, the Manual on Complex Litigation, Third Edition, would be of assistance in the cause.

2

n. If counsel have conferred or not regarding whether the "disclosure requirement" imposed by Fed.R.Civ.P.(26)(a)(1-4), should apply to this case by court order or by "written stipulation of all affected parties" and the result of such conference, if any.

o. Such other matters as may aid the Court in the fair and expeditious administration and disposition of the case.

4. Any failure to abide by the required rules and this Order shall subject the party or counsel to appropriate penalties, **including but not limited to the dismissal of the cause, or the striking of defenses and entry of judgment**, and/or the imposition of monetary or other sanctions as authorities by Fed.R.Civ.P. 16(f).

5. Following the submission of the Conference Report, the Court may require a status conference prior to adopting the Conference Report by order. **A proposed Scheduling Order is not required.**

6. Counsel for Plaintiff, or Plaintiff if proceeding *pro se*, shall be responsible for giving notice of the requirements of this subsection to each defendant or counsel for each defendant as soon as possible after such defendant's first appearance.

**ORDERED IN CHAMBERS** this  day of October, 2006.



**ALAN S. GOLD**
**UNITED STATES DISTRICT JUDGE**

Copies furnished: [Via telefax from chambers]
*U.S. Magistrate Judge William C. Turnoff*
**Donald Yarbrough, Esq. 954.566.2235**
**O. Randolph Bragg, Esq. 312.372.1673**
**Francis Zacheri, Esq. 305.347.7705**

3

# Appendix I

**The *Joint Scheduling Report* is also available on the
Court's website @ <u>www.flsd.uscourts.gov</u> in WordPerfect Format.
[Please refer to *Judge's Information* section]**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 06-60885-CIV-GOLD/TURNOFF

**NICOLE M. STOJANOV, on behalf of
herself and all others similarly situated,**

        **Plaintiff,**

**vs.**

**ABSOLUTE COLLECTION
SERVICE, INCORPORATED and
CHARLTON CLARKSON,**

        **Defendants.**         /

### Joint Conference Report

Pursuant to the Court's Order Requiring Compliance with Local Rule 16.1, the parties have agreed to the following deadlines:

| DATE | | ACTION |
|---|---|---|
| By | | Plaintiff's counsel, or any other attorney agreed upon by all parties, shall file a Designation of Mediator indicating the name of the mediator and the place, date and time for mediation. If there is no agreement on a mediator, the parties shall notify the Clerk in writing and the Clerk shall designate a mediator. (This deadline shall be within 15 days of the filing of the Joint Scheduling Report.) |
| By | | The motion for class certification shall be submitted. |
| By | | Completion of class-related fact discovery. |
| By | | Deadline for appointment of class-related experts and delivery of class-related expert reports. |
| By | | Completion of class-related expert discovery. |
| By | | Plaintiffs may file and serve a supplemental memorandum re: class certification. |
| By | | Defendants shall file and serve their briefs in opposition to the motion for class certification. |

|  | __DATE__ | __ACTION__ |
|---|---|---|
| By |  | Plaintiffs shall file and serve their reply to Defendants' opposition to the motion for class certification. |
| By |  | The Court shall hear oral argument on class certification. An order on the motion for class certification will be issued in approximately 30 days. |
| By |  | Any additional non-dispositive pretrial motions (including motions pursuant to Fed.R.Civ.P. 14, 15, 18 through 22, and 42 motions) shall be filed. Any motion to amend or supplement the pleadings filed pursuant to Fed.R.Civ.P. 15(a) or 15(d) shall comport with S.D.Fla.L.R. 15.1 and shall be accompanied by the proposed amended or supplemental pleading and a proposed order as required. |
| By |  | Plaintiff shall furnish opposing counsel with a written list containing the names and addresses of all remaining expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By |  | Defendant shall furnish opposing counsel with a written list containing the names and addresses of all remaining expert witnesses intended to be called at trial and only those expert witnesses listed shall be permitted to testify. |
| By |  | All remaining expert reports and summaries are to be exchanged per S.D.Fla.L.R. 16.1(K). This date shall supercede any other date in local rule 16.1(K). |
| By |  | All remaining expert discovery shall be completed. |
| By |  | All remaining non-expert discovery shall be completed. |
| By |  | All dispositive pretrial motions and memoranda of law must be filed. **If any party moves to strike an expert affidavit filed in support of a motion for summary judgment** [for reasons stated in *Daubert v. Merrill Dow Pharmaceuticals, Inc*, 509 U.S. 579, 125 L.Ed. 2d 469, 113 S.Ct. 2786 (1993) and *Kumho Tire Company, Ltd. v. Carmichael*, 525 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999)], **the motion to strike shall be filed with that party's responsive memorandum.** |
| By |  | Mediation shall be completed. |

App-3

| | **DATE** | **ACTION** |
|---|---|---|
| By | | **Pretrial Stipulation and *Motions in Limine.*** The joint pretrial stipulation shall be filed  pursuant to S.D.Fla.L.R. 16.1(E). In conjunction with the Joint Pretrial Stipulation, the parties shall file their motions in limine. |
| On | | Proposed pretrial conference date. |
| On | | Proposed trial date. |

App-4

# <u>Appendix II</u>

**The *Consent to Jurisdiction* is also available on the
Court's website @ <u>www.flsd.uscourts.gov</u> in WordPerfect Format.
[Please refer to *Judge's Information* section]**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. 06-60885-CIV-GOLD/TURNOFF

**NICOLE M. STOJANOV, on behalf of**
**herself and all others similarly situated,**

       **Plaintiff,**

vs.

**ABSOLUTE COLLECTION**
**SERVICE, INCORPORATED and**
**CHARLTON CLARKSON,**

_____**Defendants.**_____/

## CONSENT TO JURISDICTION BY A UNITED STATES
## MAGISTRATE JUDGE FOR FINAL DISPOSITION

      In accordance with the provisions of Title 28, United States Code, Section 636(c), the undersigned party to the above-captioned civil matter, by and through undersigned counsel, hereby voluntarily consents to have a United States Magistrate Judge decide the following matters and issue a final order or judgment with respect thereto:

| | | | |
|---|---|---|---|
| 1. | Discovery Motions | Yes \_\_\_ | No \_\_\_ |
| 2. | Motions for Costs | Yes \_\_\_ | No \_\_\_ |
| 3. | Motions for Attorney's Fees | Yes \_\_\_ | No \_\_\_ |
| 4. | Motions for Sanctions | Yes \_\_\_ | No \_\_\_ |
| 5. | Motions to Dismiss | Yes \_\_\_ | No \_\_\_ |
| 6. | Motions for Summary Judgment | Yes \_\_\_ | No \_\_\_ |
| 7. | Jury or Non-Jury Trial on Merits | Yes \_\_\_ | No \_\_\_ |
| 8. | Other _____ | Yes \_\_\_ | No \_\_\_ |

_____     _____

(date)         (Signature)

         _____

         (Printed name of Attorney)

         Attorney for _____

Copies furnished to:
**U.S. Magistrate Judge William C. Turnoff**

App-6

# AMENDED SECURITY ADVISORY:  [ATTORNEYS REFER TO EXCEPTION # II]

Pursuant to Administrative Order 2006-16, issued by the Chief Judge July 31, 2006: [Below are excerpts pertinent to the Bar and general public. A complete version of this Administrative order is available from the Clerk of Court]

**Electronic Devices.**

> All electronic devices including but not limited to Cellular Phones, Pagers, Personal Data Assistants (PDA), Laptop Computers, Tape Recorders, etc., are prohibited from being brought into any federal courthouse facility within the Southern District of Florida with the following exceptions:

A.   A written request signed by a judge or other designated authority, forwarded to the United States Marshal for verification, allowing a specific person access to the courthouse with a specific electronic device for a specific purpose and period of time; or,

B.   Any federal courthouse employee (United States Probation, Clerk's Office, Chambers Staff, and United States Marshals Service) with valid permanent government employee identification;  or,

C.   Any attorney of the United States Attorney's Office or the Federal Public Defender's Office with a valid identification card issued from that office; or,

D.   Any Special Agent for the United States Government or other law enforcement officer authorized to enforce the law within the Southern District of Florida, having official business within the courthouse facility and possessing a valid agency/department issued identification badge; or,

E.   Any attorney permitted to practice law within the Southern District of Florida with a valid Florida Bar identification card or *pro hac vice* order having business within the facility. This applies to attorneys **only** and precludes staff, investigators, clients, etc.; and,

**II.   Cameras and Cellular Phones with Integrated Camera Device**

> Pursuant to Southern District of Florida Local Rule 77.1, cameras of any type are not allowed in any of the federal courthouse facilities without a written order signed by a judge and verified by the United States Marshals Service. **Notwithstanding that local rule, those persons permitted to bring a cellular phone into a federal courthouse facility, pursuant to the exceptions listed, may bring that cellular phone, even if it contains an integrated camera device, into any federal courthouse facility.** No cellular phones of any kind may be used in a courtroom or jury deliberations room and no photographs of any kind may be taken in any federal courthouse facility.

**ORDERED** that persons not meeting at least one of the exceptions listed will not be permitted to bring an electronic device of any kind, including a cellular phone, into the federal courthouse facilities within the Southern District of Florida (i.e., the general public, etc.). It is further

**ORDERED** that the penalty for violating this Administrative Order includes a sentence of 30 days in jail and/or a fine of $5,000.00; and/or punishment for contempt of court. See Local Rule 77.1; 41 C.F.R. §§ 102-74.385; 102-74.420; 102-74.450; 18 U.S.C. § 401.

**This Order shall be effective immediately and supersedes Administrative Order 2003-92.**